UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FRANCIS O. BOYER,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## **COMPLAINT**

The Plaintiff, FRANCIS O. BOYER ("BOYER"), by and through his undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), and alleges as follows:

## **JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. BOYER brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. BOYER was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. HARTFORD is a corporation with its principal place of business in the State of

        Connecticut that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to BOYER by HARTFORD.

6. BOYER was at all times material a plan participant under Long Term Disability Insurance Policy GLT-677230 (the "LTD Policy"), which is a group Long Term Disability Insurance Policy/Plan issued by HARTFORD to VALMONT INDUSTRIES, INC., which is the Policyholder, Employer, Plan Sponsor and Plan Administrator. It is pursuant to Policy GLT-677230 to which BOYER is entitled to benefits.

7. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. HARTFORD is the insurer of benefits under the LTD Policy and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, HARTFORD is not entitled to a deferential standard of review.

10. HARTFORD is the fiduciary charged with making benefit determinations under the LTD Policy, including the determinations made on BOYER's claim at issue.

11. Pursuant to the terms and conditions of the LTD Policy, BOYER is entitled to LTD benefits for the duration of his disability, or until age 67, so long as he remains disabled as required under the terms of the LTD Policy.

12. According to the LTD Policy,

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of Any Occupation as a result of:
> 1) accidental bodily injury;
> 2) sickness;
> 3) Mental Illness;
> 4) Substance Abuse; or
> 5) pregnancy.

13. At all relevant times, BOYER complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

14. Since September 29, 2021, BOYER has been disabled under the terms of the LTD Policy.

15. Since September 29, 2021, as a result of accidental bodily injury, sickness, mental illness, or substance abuse, BOYER has been prevented from performing one or more of the Essential Duties of Any Occupation, as such is defined by the policy.

16. At all relevant times, BOYER has been under the appropriate and regular care and treatment of a physician.

17. At all relevant times, BOYER was a Covered Person under the LTD Policy.

18. Shortly after becoming disabled, BOYER made a claim under the LTD Policy for disability benefits but no benefits under the LTD policy have ever been paid.

19. By letter dated June 1, 2022, BOYER was informed by HARTFORD that it had determined that he did not meet the policy definition of disability and that benefits were not payable.

20. BOYER properly and timely submitted an appeal of HARTFORD's June 1, 2022 denial letter.

21. By letter dated August 24, 2022, HARTFORD notified BOYER of its decision to uphold its previous decision which denied his claim for LTD benefits and this correspondence also informed BOYER that no further appeals would be considered as his administrative remedies had been exhausted.

22. At all relevant times, BOYER complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

23. BOYER has never received benefits owed to him under the LTD Policy, despite BOYER's right to these benefits.

24. HARTFORD has refused to pay any and all LTD benefits.

25. At all relevant times, HARTFORD was the payer of benefits.

26. At all relevant times, HARTFORD was the "Insurance Company" responsible for the LTD Policy.

27. At all relevant times, HARTFORD was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

28. At all relevant times, BOYER has been and remains Disabled and entitled to LTD benefits from HARTFORD under the terms of the LTD Policy.

29. BOYER has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. BOYER incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), BOYER, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

33. BOYER has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of HARTFORD's failure to pay his disability benefits.

34. BOYER has exhausted all administrative remedies under the LTD Policy.

35. Defendant breached the LTD Policy and violated ERISA in the following respects:

　　(a)　Failing to pay LTD benefit payments to BOYER at a time when HARTFORD knew, or should have known, that BOYER was entitled to those benefits under the terms of the LTD Policy, as BOYER was disabled and unable to work and therefore entitled to benefits.

　　(b)　Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of BOYER's claim for LTD benefits;

　　(c)　After BOYER's claim was terminated in whole or in part, HARTFORD failed to adequately describe to BOYER any additional material or information necessary for BOYER to perfect his claim along with an explanation of why such material is or was necessary.

　　(d)　HARTFORD failed to properly and adequately investigate the merits of BOYER's disability claim and failed to provide a full and fair review of BOYER's claim.

36. BOYER believes and thereon alleges that HARTFORD wrongfully terminated his claim for disability benefits under the LTD Policy by other acts or omissions of which BOYER is presently unaware, but which may be discovered in this future litigation and which BOYER will immediately make HARTFORD aware of once said acts or omissions are discovered by BOYER.

37. Following the termination of benefits under the LTD Policy, BOYER exhausted all administrative remedies required under ERISA, and BOYER has performed all duties and obligations on his part to be performed under the LTD Policy.

38. As a proximate result of the aforementioned wrongful conduct of HARTFORD, BOYER has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding BOYER's claim for benefits, BOYER, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BOYER is entitled to have such fees and costs paid by HARTFORD.

40. The wrongful conduct of HARTFORD has created uncertainty where none should exist. As such, BOYER is entitled to enforce his rights under the terms of the LTD Policy and to clarify his right to future benefits under the terms of the LTD Policy.

## **REQUEST FOR RELIEF**

WHEREFORE, FRANCIS O. BOYER prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which he is entitled by virtue of his disability, and that

benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claim's administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: November 3, 2022

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL  33331
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com